GARZA, Circuit Judge,
specially concurring:
This case turns on whether the July 29, 2002 order of the West Virginia state court decided that Universal could not rely on the coverage of the Reinsurance Agreement—namely Article 13. Although the order states that Universal is not a party to the Reinsurance Agreement, it is not clear what legal conclusion was intended to be drawn from that fact.
What is clear is that the state court allowed Employer’s Reinsurance to pursue its claim against Universal for “negligent claims processing.” It is equally clear that Employer’s Reinsurance brought this claim against Universal pursuant to the Reinsurance Agreement, as Count VII of the Amended Complaint filed before the state court. By doing so, the state court did not preclude the possibility that Universal was subject to liabilities under the Reinsurance Agreement. Therefore, the arbitration panel was free to decide that the state court did not preclude the possibility that Universal was subject to the coverage of the Reinsurance Agreement— including Article 13. See Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 355 (5th Cir.2004) (“[I]n deciding whether the arbitrator exceeded his jurisdiction, ‘any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.’ ”) (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).